IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

DAVIS EVERETT WILSON and
BETTY WILSON

    PLAINTIFFS,

vs.                                  CASE NO. CV 02-J-3047-J

GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA, et al.,

    DEFENDANTS.

**MEMORANDUM OPINION**

    This matter is before the court on the defendants' notice of removal (doc. 1), defendants Beverly Jones and Crawford Skinner Agency, Inc.'s motion to dismiss (doc. 2), plaintiffs' opposition to defendants' motion to dismiss (doc. 12), plaintiffs' motion to remand (doc. 13); plaintiffs' supplement to their motion to remand (doc. 14) and defendants' reply to plaintiffs' opposition to defendants' motion to dismiss and motion to remand (doc. 15).

    The defendants removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). The defendants allege that this action is removable because the matter in controversy exceeds $75,000.00 and it is between citizens of different states. Notice of Removal at 4. Defendant General Accident Insurance Company ("General Accident") alleges that both of the other defendants were fraudulently joined, although



the plaintiff has plead a cause of action for fraud and negligent handling of an insurance claim. *See* Complaint and Notice of Removal at ¶ 3.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is though the fraudulent joinder of the non-diverse parties, as alleged by the defendants.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... In *Tapscott,* 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we

concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505.

"The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citiation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations

The court finds two causes of action are stated against the non-diverse defendants – fraud (Count II of the complaint) and negligent handling of an insurance claim (Count IV of the complaint). Count IV fails to state a cause of action upon which relief may be granted against the non-diverse defendants as Alabama does not recognize negligent handling of an insurance claim as a cause of action. *See Kervin v. Southern Guaranty Insurance Co.*, 667 So.2d 704, 706 (Ala.1995). The plaintiffs do not contest defendants' motion to dismiss on this ground. As such, the court shall grant the defendants' motion to dismiss this count of the plaintiffs' complaint by separate Order.

However, the plaintiffs' complaint also states a cause of action for fraud against all of the defendants (Count II of the complaint). Defendants assert that this claim against the resident defendants is insufficient to comply with the pleading specificity required by Rule 9(b) under both the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure. Defendants' reply at 2-3. The court, having reviewed the allegations set forth in Count II of the plaintiffs' complaint, finds such allegations meet the specificity requirements of the above stated rules of procedure.[2] *See, e.g.*, Complaint at ¶¶ 21, 23.

---

omitted)."

[2] If defendants desire further clarity, a motion for more definite statement could be filed upon remand to state court.

Defendants assert that even if the fraud claim is properly asserted against all defendants, the plaintiffs cannot prevail on this claim, because the representations in question were not false. Defendants' reply at 7. However, the plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. The fraud alleged in Count II of the plaintiffs complaint states a valid cause of action against the non-diverse defendants.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

**DONE** this the ___23___ day of January, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE